# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| OM SHARMA, et al., | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-18-656 |
| | * |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC, et al., | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 5, 2018, Plaintiffs Om Sharma, Vaughn and Diane Riffe, Virginia Brown, and Susan Geiselman brought this putative class action against Rushmore Loan Management Services, LLC ("Rushmore"), Wilmington Savings Fund Society, FSB solely as Trustee for BCAT 2014-4TT ("Wilmington"), and U.S. Bank, NA solely as Trustee for RMAC 2016-CTT ("U.S. Bank"). This action follows Brown's voluntary dismissal of a class action counterclaim filed in a foreclosure action brought by Wilmington and Rushmore against her in state court. Rushmore and Wilmington have moved to recover costs and attorneys' fees incurred in litigating the state court counterclaim pursuant to Fed. R. Civ. P. 41(d), and have asked this Court to stay all claims until those costs and fees have been paid. *See* ECF Nos. 7, 14. Also pending before the Court is a Motion to Stay by U.S. Bank and a Motion for an Extension of Time by all defendants. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Wilmington and Rushmore's Motions are granted in part and denied in part. U.S. Bank's Motion is denied as moot. Defendants' Motion for an Extension of Time is granted.

1

**I.    BACKGROUND**

On November 6, 2015, a foreclosure action was filed in Baltimore County Circuit Court against Virginia Brown. ECF No. 14-7 at 4.[1] Brown and the remaining plaintiffs in this case responded with a class action counterclaim against Defendants Wilmington and Rushmore on November 17, 2015 alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Collection Agency Licensing Act ("MCALA"), and the Maryland Mortgage Lender Law ("MMLL"). *Id*. at 5. In April 2016, Wilmington and Rushmore filed motions to dismiss. *Id*. at 6. Plaintiffs responded by amending their counterclaim complaint in June 2016. *Id*. at 7. Wilmington and Rushmore again filed motions to dismiss in July 2016. *Id*. at 8. A hearing was scheduled for March 24, 2017. *Id*. at 9.

Three days prior to that hearing, Brown filed a notice of supplemental authority informing the Court that she had secured a default judgment against Wilmington and Rushmore on the MCALA and MMLL claims in November 2016 in a separate action filed in Baltimore City Circuit Court in April 2015. *Id*. Wilmington and Rushmore, previously unaware of the existence of this action, asked the County Court to stay the proceedings pending a motion to vacate in Baltimore City. *Id*. The County Court agreed, and on May 25, 2017, the Baltimore City Court vacated the default judgment after finding that Wilmington and Rushmore had not been properly served. ECF No. 14-4.

Meanwhile, Brown had filed a Second Amended Complaint in Baltimore County Court on April 6, 2017. ECF No. 14-7 at 9. On February 13 and 14, 2018, Wilmington and Rushmore

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

filed motions to dismiss in response to the Second Amended Complaint. *Id*. at 10. On February 26, 2018, Brown voluntarily dismissed her counterclaim.

On March 10, 2018, she and the remaining class action counter plaintiffs filed a Complaint in this Court largely echoing the claims made in her state court Second Amended Complaint. ECF No. 1. Wilmington and Rushmore moved for an award of costs and attorneys' fees pursuant to Fed. R. Civ. P. 41(d), and, if awarded, for the Court to stay proceedings until the costs and fees are recovered. ECF Nos. 7, 14. Rushmore and U.S. Bank have also moved to stay proceedings pending the determination in *Blackstone v. Sharma*, a MCALA case that was pending before the Court of Appeals of Maryland. *See* ECF Nos. 7, 9. The Court of Appeals of Maryland issued its opinion in *Blackstone v. Sharma*, 191 A.3d 1188 (Md. 2018) on August 2, 2018 and denied reconsideration on October 3, 2018.[2] Plaintiffs then filed an Amended Complaint in this Court advancing new MMLL theories and abandoning the previous MCALA theories. ECF No. 25.

## II. DISCUSSION

Rule 41(d) of the Federal Rules of Civil Procedure states that:

[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the *costs* of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied

(emphasis added).

Here, Defendants seek attorneys' fees, as well as costs. Although not explicit from the test of the Rule, a court may also award attorneys' fees from this prior action under Rule 41(d) when either (1.) the underlying statute at issue provides for attorneys' fees, or (2.) the court finds

---

[2] Because the Court of Appeals of Maryland has issued its opinion in *Blackstone*, Rushmore and U.S. Bank's Motions to Stay are denied as moot.

"that the plaintiff has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 28-59 (1975). "The decision whether and in what amount to award attorney fees is one committed to the award court's discretion." *United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350-51 (4th Cir. 1989). This exception to the American Rule, in which each party remains responsible for its own attorneys' fees, requires "extraordinary circumstances." *Hensley v. Alcon Labs.*, 277 F.3d 535, 543 (4th Cir. 2002).

Defendants do not suggest that the underlying statute provides for a victorious defendant to be awarded attorneys' fees. Instead, Defendants contend that Plaintiffs acted in bad faith by improperly securing a default judgment in the Baltimore City Court, and by submitting "numerous filings" in state court "as part of a procedural ploy designed to avoid a ruling on the merits of her claims." ECF No. 14 at 8. But Plaintiffs' erroneous classification of BCAT 2014-4TT as a foreign statutory trust, rather than its actual designation as a common law trust is not, by itself, evidence of bad faith. Plaintiffs' decision to amend their Complaint in response to a motion to dismiss, or in light of a default judgment vacated in another court, also does not appear, on its face, to be evidence of bad faith. If Defendants contend these motions were made for the purpose of delay, there is no suggestion that the delay prejudiced Defendants; indeed, it was Defendants who waited nearly nine months after the motion to vacate the default judgment was granted in May 2017 to file a motion to dismiss the Second Amended Complaint in state court.

Defendants also suggest that Plaintiffs were engaged in forum shopping in state court and in this Court. ECF No. 14 at 9-10. But Defendants offer no evidence that the Baltimore County

4

court was hostile to Plaintiffs' claims, and the Baltimore County court never issued any opinions or orders suggesting as much. It is thus unclear what tactical advantage Plaintiffs may have gained by filing suit in this Court at this time. Because Defendants have not yet made a showing of "extraordinary" circumstances, the Court will not award attorneys' fees.

As to costs however, Rule 41(d) clearly contemplates such an award where, as here, Plaintiffs have filed the same action in this Court that they had previously dismissed. And Plaintiffs' stated reason for voluntary dismissal—impatience at the state court's failure to rule on pending motions—is thin. Thus, the Court will, pursuant to Rule 41(d), award Plaintiffs the costs associated with filing their three motions to dismiss in state court and stay this matter until such costs are paid.

### III. CONCLUSION

Wilmington and Rushmore's Motions to Recover Costs and Fees and to Stay Proceedings, ECF Nos. 7, 14, are granted in part and denied in part. U.S. Bank's Motion to Stay Proceedings, ECF No. 9, is denied as moot. Defendants' Motion for an extension of time to file responsive pleadings, ECF No. 28, is granted. A separate Order shall issue.

Date: <u>March   22, 2019</u>         <u>/s/                              </u>
                                      GEORGE J. HAZEL
                                      United States District Judge