# Exhibit 2

| VIRGINIA BROWN, | * | IN THE |
| Plaintiff, | * | CIRCUIT COURT |
| v. | * | FOR |
| CHRISTIANA TRUST, A DIVISION | * | BALTIMORE CITY |
| OF WILMINGTON SAVINGS FUND | | |
| SOCIETY, FSB, AS TRUSTEE FOR | * | CASE NO.: 24-C-15-001760 |
| BCAT 201-4TT | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pending before this Court is Defendant, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB ("WSFS"), as Trustee for BCAT 201-4TT's ("BCAT") Motion to Vacate Default Judgment filed on April 17, 2017 (Docket Entry #10000), and Plaintiff, Virginia Brown's ("Ms. Brown") Opposition filed on May 2, 2017 (Docket Entry #10001). For the reasons more fully set forth below, WSFS's Motion to Vacate Default Judgment filed on April 17, 2017 (Docket Entry #10000), be and hereby is **GRANTED.** The default judgment entered against WSFS as Trustee for BCAT on November 17, 2016 (Docket Entry #8001) shall be **VACATED.**

Ms. Brown filed the above-captioned action on April 8, 2015, against WSFS as Trustee for BCAT (Docket Entry #1000), alleging that BCAT engaged in deceptive debt collection practices. Ms. Brown asserts that on June 26, 2001 she purchased property located at 4204 Colonial Road, in Baltimore County ("The Property"). She financed the purchase by securing a mortgage loan through U.S. Mortgage Finance Corp, said loan being secured by a promissory note and a deed of trust recorded as a lien on The Property. According to Ms. Brown, at some point her the deed was transferred to Bank of America, N.A., and later acquired by the United States Department of

1

Housing and Urban Development ("HUD"). Ms. Brown claims her deed of trust was sold to a hedge fund and then transferred to BCAT on or about December 1, 2014.

Prior to BCAT acquiring its interest in The Property, Ms. Brown had not made all of her regular monthly loan payments as required by the note and deed of trust. She also claims to have received several modifications from Bank of America. At the time BCAT acquired its interest in The Property as successor in interest, BCAT believed Ms. Brown to be in default on her loan secured by The Property. Ms. Brown filed the instant suit seeking declaratory relief alleging that BCAT was an unlicensed collection agency and/or mortgage lender in Maryland, and could not therefore legally collect loan payments from Ms. Brown.

To effectuate service on WSFS as trustee for BCAT, Ms. Brown served the Maryland State Department of Assessments and Taxation ("SDAT"). WSFS as Trustee for BCAT did not file a response to the Complaint. On June 23, 2015, Ms. Brown filed a Revised Request for Order of Default for WSFS as Trustee for BCAT's failure to file a responsive pleading to the Complaint, in a timely manner (Docket Entry # 6000). On August 17, 2015 the Court entered an Order of Default against WSFS as Trustee for BCAT (Docket Entry #6001). On September 23, 2015 Plaintiff filed a Request for Entry of Judgment (Docket Entry #8000). WSFS as Trustee for BCAT did not file an opposition. Default judgment was entered on November 17, 2016.

On November 6, 2015 foreclosure proceedings were initiated against Ms. Brown and co-owner, Mr. Culp, with regard to The Property in the Circuit Court for Baltimore County, case number 03C15012242. On November 11, 2015 Ms. Brown and Mr. Culp filed a class action counter complaint against Rushmore Loan Management, LLC and WSBS as trustee for BCAT. An amended class action complaint was filed in June 6, 2016. On March 21, 2017, Ms. Brown

filed a motion for the Baltimore County Court to take judicial notice of certain adjudicative facts and to apply judicial estoppel to certain arguments pursued by Rushmore and WSFS. Among those facts was the November 17, 2016 default judgment in this action.

WSFS as Trustee for BCAT filed a Motion to Vacate Default Judgment on April 17, 2017 (Docket Entry #10000). In short, BCAT claims that service was defective in that it is a common law trust organized under New York law and must be served according to the rules for service of a foreign entity. As such service through SDAT was defective and the default judgment must therefore be vacated. Ms. Brown filed an Opposition on May 2, 2017. She does not contest that BCAT is a common law trust. Instead, she contends that a common law trust is a business trust, and thus considered a statutory trust under Maryland law.[1] As such, service upon SDAT was sufficient.

There is no dispute that this Court has jurisdiction over the instant case. Pursuant to Courts and Judicial Proceedings §6-103(b)(5), Maryland courts have personal jurisdiction over a party who has an interest in, uses, or possesses real property in the state. In this case, there is no question that WSFS as Trustee for BCAT has an interest in real property located in Maryland, specifically property located at 4204 Colonial Road in Baltimore County.

Unlike a statutory trust, a common law trust arises from private action without the filing of a record in a public office. *See* Uniform Trust Code §401 (2000); Restatement (Third) of Trusts §10 (2003). A common law trust is not itself a juridical entity, and therefore must be sued, own

---

[1] Ms. Brown's complaint alleged that BCAT was a statutory trust, however, in WSFS as Trustee for BCAT's Motion to Vacate, it affied that BCAT is not a statutory trust, but rather a common law trust. In her opposition, Ms. Brown did not dispute that BCAT was a common law trust, but argues that a common law trust should be served in the same manner as a statutory trust.

property, and transact business in the name of the trustee, acting in the capacity of trustee. Md. Code Ann., Com. Law § 9-102 (Comment 11, Uniform Commercial Code Comment – 2012 Update). Therefore, Plaintiff in the instant case was required to sue, and properly did sue, WSFS as Trustee for BCAT. However, because WSFS is being sued as Trustee, WSFS is the party that must be served, not BCAT.

Pursuant to Maryland Rule 2-124(o), service may be made upon a corporation, or other entity, *"required by statute of this State to have a resident agent"* by serving the required documents upon the State Department of Assessments and Taxation ("SDAT") if (i) the entity does has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process; or (iii) two good faith attempts on separate days to serve the resident agent have failed. (Emphasis added). In this case, it is undisputed that WSFS as Trustee for BCAT was not registered in Maryland with SDAT, and did not have a resident agent in Maryland. It is also undisputed that Ms. Brown did not attempt to serve a resident agent in Delaware prior to serving the required documents upon SDAT. In dispute is whether WSFS is required to have a resident agent in Maryland.

WSFS is federally charted bank, not incorporated under the laws of Maryland, and does not have any branches within Maryland. Therefore, WSFS is a foreign corporation. Pursuant to Md. Code Ann., Corps. & Ass'ns § 7-202, before doing any intrastate or foreign business in the state of Maryland, a foreign corporation is required to register with SDAT. To register, the corporation must certify to SDAT the address of the corporation, and the name and address of its resident agent in Maryland. *Id.* However, pursuant to Md. Code Ann., Corps. & Ass'ns §7-104, "(1) [f]oreclosing mortgages and deeds of trust on property in this State; [and/or] (2) [a]s a result

4

of default under a mortgage or deed of trust, acquiring title to property in this State by foreclosure, deed in lieu of foreclosure, or otherwise" are activities that *do not* constitute doing intrastate, interstate, or foreign business in the state of Maryland. Because the Complaint only alleges that WSFS as Trustee for BCAT is engaging in foreclosing mortgages and deeds of trust on property, or acquiring title to said property as a result of default under a mortgage or deed of trust, WSFS was not a foreign corporation conducting interstate or intrastate business within the state of Maryland, and was thus not required by statute to have a resident agent.

Maryland Rule 2-124(d), provides the means for proper service upon a corporation. Rule 2-124(d) states that service is made upon a corporation by:

> serving its resident agent, president, secretary, or treasurer. If the corporation . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Plaintiff should have, and failed to, serve WSFS's resident agent, president, secretary, or treasurer, or make a good faith effort for such service. Although WSFS does not have a resident agent in Maryland, Plaintiff does not contend that it does not have a resident agent, president, secretary, or treasurer in Delaware, the state in which WSFS has its principal place of business. Because this Court has personal jurisdiction over WSFS, service upon WSFS would have been proper where the resident agent, president, secretary, or treasurer were found, "whether within or outside of the State." Md. Code Ann., Cts. & Jud. Proc. § 6-304.

Pursuant to Maryland Rule 2-535(b), "[o]n motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity." In this case, for the reasons more fully set forth below, the Court did not have

jurisdiction to enter judgment against WSFS as Trustee for BCAT, and therefore it was entered by mistake. "In those cases permitting a judgment to be set aside on the basis of 'mistake,' the mistake must be confined to those instances where a jurisdictional mistake is involved. *Pickett v. Noba, Inc.*, 114 Md. App. 552, 558 (1997), *opinion adhered to on reconsideration*, 122 Md. App. 566 (1998). Improper service of process is a proper ground to strike a judgment under Rule 2–535. *Id.* citing *Miles v. Hamilton*, 269 Md. 708, 714 (1973).

Ms. Brown mistakenly believed that BACT was a statutory trust. For the reasons stated above, she should have served WSFS, a foreign corporation not required by statute to have a resident agent in Maryland. *See* Maryland Rule 2-124(d). This Court has jurisdiction to amend the judgment entered against WSFS as Trustee for BCAT, pursuant to Maryland Rule 2-535(b).

Michael A. DiPietro
Judge's Signature Appears
On Original Document

Michael A. DiPietro
Associate Judge

Clerk to send copies to all interested parties.

**Dated: May 25, 2017**

TRUE COPY
TEST

*Marilyn Bentley*

MARILYN BENTLEY, CLERK

CIRCUIT COURT FOR BALTIMORE CITY 1983

6